1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THOMAS MILLER SPECIALTY
OFFSHORE, individually and on behalf of
Certain Underwriters Subscribing to Policy
UMR B0180ME2017007,

                        Plaintiff,

        v.

ELECTRON HYDRO, LLC,

                        Defendant.

CASE NO. 2:22-CV-00540-LK

ORDER TO SHOW CAUSE

This matter comes before the Court sua sponte. Plaintiff Thomas Miller Specialty Offshore fails to adequately plead the citizenship of Electron Hydro, LLC for purposes of diversity jurisdiction. The pleadings are likewise deficient as to counterclaimant Thom Fischer's citizenship. Thomas Miller must therefore show cause why the Court should not dismiss this action for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). Additionally, the parties must address Fischer's presence in this suit and show cause why the two counterclaims involving him should not be dismissed. Finally, Electron Hydro must show cause why its "Second Amended Answer

and Counterclaims to Complaint for Declaratory Judgment" should not be stricken.

## I.   BACKGROUND

Thomas Miller is the slip leader of a policy insuring Electron Hydro and other affiliates. Dkt. No. 1 at 1, 16, 46; *see id.* at 1 ("As a slip leader under the Policy, Thomas Miller is authorized by the underwriters subscribing to the Policy to bring and resolve claims under the Policy."). Beginning in July 2020, Electron Hydro accidentally discharged artificial turf and crumb rubber into the Puyallup River "for several months" when it attempted to divert water through a bypass channel at is hydroelectric facility. *Id.* at 3. The United States, the Puyallup Tribe of Indians, Citizens for a Healthy Bay, and Puget Soundkeeper Alliance thereafter sued Electron Hydro and its manager, Thom Fischer, for violations of the Clean Water Act. *Id.* at 2–3, 5–8; *see also* Dkt. No. 19 at 4–5 (clarifying that Fischer is a manager of Electron Hydro, rather than a member); Dkt. No. 24-1 at 12 (same). These actions were consolidated and remain pending before another judge in this district. *See United States v. Electron Hydro, LLC*, No. 2:20-CV-01746-JCC (W.D. Wash.).

In March 2022, Thomas Miller agreed to defend Electron Hydro in the underlying lawsuit subject to a full reservation of rights. Dkt. No. 1 at 11. It did the same with respect to Fischer. *Id.*; Dkt. No. 24-1 at 23. Roughly a month later, Thomas Miller filed a separate action in federal district court seeking a declaratory judgment that, under the policy, "there is no duty to defend or indemnify Electron Hydro" for the claims in the underlying lawsuit. Dkt. No. 1 at 11. The complaint names Electron Hydro as the sole defendant, *id.* at 1, and does not seek any relief with respect to Fischer; indeed, Fischer's name appears just once in the pleading, *id.* at 11. Electron Hydro answered the complaint. Dkt. No. 13. Even though Fischer is not named as a defendant in the complaint, has not moved to intervene, and has not been joined by any party, Electron Hydro's answer adds him to the caption as a "counterclaim plaintiff" and purports to assert a counterclaim on his behalf for a declaratory judgment against Thomas Miller. *Id.* at 1, 11–13. Specifically,

Electron Hydro and Fischer seek a declaration that, under the policy, Thomas Miller "is obligated to fully defend and indemnify Electron Hydro and Mr. Fischer" in the underlying lawsuit. *Id.* at 13. Thomas Miller answered this pleading with a counterclaim of its own against Fischer for, again, a declaratory judgment that it has no duty to defend or indemnify him in the underlying lawsuit. Dkt. No. 19 at 4–5, 14–15.

## II.   DISCUSSION

The Court first explains why Thomas Miller's allegations are inadequate with respect to the parties' citizenships and, by extension, why they do not plausibly establish complete diversity and subject matter jurisdiction. It then addresses how Fischer's presence in this lawsuit appears to be procedurally improper, and what that means for the two counterclaims involving him. And finally, it describes the defects in Electron Hydro's "Second Amended Answer to Counterclaims to Complaint for Declaratory Judgment." Dkt. No. 24-1.

## A.   Subject Matter Jurisdiction

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). This determination is an "inflexible" threshold requirement that must be made "without exception, for jurisdiction is power to declare the law and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (cleaned up). And because "[f]ederal courts are courts of limited jurisdiction," *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994), they are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears," *Stock W., Inc. v. Confederated Tribes of the Coleville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989). The party asserting jurisdiction has the burden of establishing it. *United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010); *see also Starcrowd Corp. v. Kane*, No. 18-CV-06675-NC, 2019 WL 3363794, at *2 (N.D. Cal. May 1, 2019) ("Under Federal Rule of Civil

1    Procedure 8(a)(1), it is the plaintiff's burden to plead a short and plain statement of the grounds

2    for the court's jurisdiction.").

3         Thomas Miller invokes 28 U.S.C. § 1332(a)(2), which provides original jurisdiction over

4    suits involving more than $75,000 when the dispute is between "citizens of a State and citizens or

5    subjects of a foreign state[.]" *See* Dkt. No. 1 at 2; Dkt. No. 19 at 5. The Court cannot, however,

6    confirm whether complete diversity exists in this case because Thomas Miller's allegations are

7    deficient with respect to the citizenship(s) of each of the three parties. *See Kanter v. Warner-*

8    *Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking

9    to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the

10   relevant parties.").

11        First, Thomas Miller claims that it is "a foreign company, duly organized under the laws

12   of the United Kingdom." Dkt. No. 1 at 1; Dkt. No. 19 at 4.[1] But a foreign corporation is a citizen

13   of its place of incorporation *and* its principal place of business. *Danjaq, S.A. v. Pathe Commc'ns*

14   *Corp.*, 979 F.2d 772, 773–74 (9th Cir. 1992); *see* 28 U.S.C. § 1332(c)(1). Thomas Miller must

15   accordingly identify its principal place of business. Second, Electron Hydro is purportedly "a

16   foreign limited liability company organized under the laws of Delaware, with its principal place

17   of business" in Washington. Dkt. No. 1 at 1–2; Dkt. No. 19 at 4. This allegation also misses the

18   mark. A limited liability company is a citizen of every state of which its members are citizens—

19   not the state in which it was formed or does business. *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d

20

21   [1] In its corporate disclosure statement, Thomas Miller avers that "Thomas Miller Specialty Offshore is a trade name
     for Thomas Miller Specialty Underwriting Agency Limited, which is wholly owned by Thomas Miller Specialty

22   Holdings Limited, which is wholly owned by Thomas Miller Holdings Limited, a privately held company." Dkt. No.
     10 at 1. This fails to comply with Local Civil Rule 7.1 and Federal Rule of Civil Procedure 7.1. Under the Local Civil

23   Rules, all nongovernmental parties (other than individuals and sole proprietorships) in diversity cases must "list those
     states in which the party, owners, partners, or members are citizens." LCR 7.1(b). The Federal Rules impose a similar
     requirement: "The statement must name—and identify the citizenship of—every individual or entity whose citizenship

24   is attributed to that party[.]" Fed. R. Civ. P. 7.1(a)(2). Thomas Miller must therefore file an amended corporate
     disclosure statement that includes this information.

606, 612 (9th Cir. 2016). Thomas Miller must therefore identify the citizenship(s) of Electron Hydro's two members. *See* Dkt. No. 14 at 2.[2] And where, as here, a member is itself a limited liability company, Thomas Miller must also provide information about the citizenship(s) of the members of that limited liability company. *See Ark Law Grp., PLLC v. Arch Ins. Co.*, No. C22-0504-JLR, 2022 WL 1136755, at *1 n.1 (W.D. Wash. Apr. 18, 2022) ("This process continues until every layer of limited liability company membership has been reduced to the citizenship of its individual members.").

Thomas Miller must accordingly submit supplemental briefing identifying the citizenship of each party.

**B.      Fischer Appears to be a Procedurally Improper Party and Neither Counterclaim Involving Him is a Permissible Third-Party Claim**

Fischer appears to be a procedurally improper party to this lawsuit. As noted above, Thomas Miller did not name him as a defendant in its complaint, he never moved to intervene, and no party moved to join him in any capacity. *See* Fed. R. Civ. P. 19, 20, 24. And the Court is unaware of another procedurally proper method for incorporating Fischer into this suit. There is nothing in the Federal Rules of Civil Procedure that permits a nonparty to sua sponte join in a defendant's answer and assert a counterclaim against the plaintiff without first being properly joined by an existing party or moving to intervene. *See* Fed. R. Civ. P. 13(h) ("Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim."); *Pace v. Timmermann's Ranch & Saddle Shop Inc.*, 795 F.3d 748, 755 n.10 (7th Cir. 2015) ("[P]arty joinder is the antecedent inquiry. Once parties are properly joined under Rule 20, *then* Rule 18 permits any claimant to take advantage of its unlimited [claim] joinder provision.").

---

[2] Electron Hydro's corporate disclosure statement is deficient because it too fails to identify the citizenship(s) of all its members—including the members and citizenship(s) of Electron Management, LLC. *See* LCR 7.1(b); Fed. R. Civ. P. 7.1(a)(2). Electron Hydro must file an amended corporate disclosure statement that includes this information.

To the extent Fischer was never properly joined in this action and did not move to intervene, the counterclaims involving him are permissible only if they constitute valid third-party claims. They do not. Rule 14 provides the exclusive mechanism for a *defendant* to assert claims against a nonparty in certain circumstances—that is, when the nonparty "is or may be liable to [the defendant] for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). The Ninth Circuit has made clear that a third-party claim "may be asserted only when the third party's liability is in some way dependent on the outcome of the main claim and is secondary or derivative thereto." *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 199 (9th Cir. 1988); *see also* 6 Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 1446 (3d ed. April 2023 Update) ("The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against defendant by the original plaintiff."). That is not what happened here. Electron Hydro did not assert a claim against Fischer or contend that Fischer is liable for the claim against it.

Rule 14 also permits a plaintiff to "bring in a third party" when a claim is asserted against the plaintiff, but only if the rule "would allow a defendant to do so," i.e., only when the third-party defendant "is or may be liable to [the plaintiff] for all or part of the claim against it." Fed. R. Civ. P. 14(b). This is likewise unavailing. Thomas Miller is not counterclaiming against Fischer to transfer its own potential liability to him; rather, and as noted above, Thomas Miller seeks a declaration that it does not have a duty under the policy to defend or indemnify Fischer. Perhaps most important, though, is that Rule 14 does not allow a nonparty to step into the lawsuit and assert claims against the plaintiff (or defendant) unless a claim has first been asserted against that nonparty (effectively bringing the nonparty into the suit as a third-party defendant). *See* Fed. R. Civ. P. 14(a)(2). Thus, Rule 14 does not provide an avenue for Fischer to be properly joined in the action or for Thomas Miller to assert counterclaims against him.

1         In sum, it appears that Fischer was never properly joined in this action. Nor did he move

2    to intervene. And because neither Fischer's counterclaim against Thomas Miller nor Thomas

3    Miller's counterclaim against Fischer is a permissible third-party claim, the parties must show

4    cause why the Court should not strike or dismiss those claims. *See Stewart*, 845 F.2d at 199–200

5    (affirming district court's dismissal of improper third-party claims); Fed. R. Civ. P. 12(f), 14(a)(4).

6    **C.    Electron Hydro Failed to Seek Leave to Amend its Pleadings**

7         On October 26, 2022, Electron Hydro filed a "Second Amended Answer and

8    Counterclaims to Complaint for Declaratory Judgment" that not only responded to Thomas

9    Miller's counterclaim against Fischer, *see* Dkt. No. 24-1 at 15–26, but also amended its answer to

10   Thomas Miller's original complaint and its counterclaim against Thomas Miller, *id.* at 2–14. A

11   party may amend its pleading "once as a matter of course" either 21 days after serving it or, "if the

12   pleading is one to which a responsive pleading is required, 21 days after service of a responsive

13   pleading[.]" Fed. R. Civ. P. 15(a)(1). In all other cases, the party seeking to amend its pleading

14   may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P.

15   15(a)(2). The problem here is that Electron Hydro had already amended its answer and

16   counterclaim once as a matter of course. Dkt. Nos. 7, 13. And Thomas Miller had answered the

17   amended counterclaim (i.e., served its responsive pleading) on September 7, 2022, more than 21

18   days prior to when Electron Hydro filed its second amended pleading. Dkt. No. 19, 23. Electron

19   Hydro was therefore required to seek leave or obtain the written consent of Thomas Miller before

20   filing its second amended pleading. *See also* LCR 15.[3] It failed to do so.

21        Electron Hydro is accordingly ordered to show cause why its "Second Amended Answer

22   and Counterclaims to Complaint for Declaratory Judgment," Dkt. No. 24-1, should not be stricken.

23

24   [3] To the extent Electron Hydro sought to supplement its pleadings, it still could not do so without permission from the Court. Supplementation requires a "motion and reasonable notice," as well as court permission. Fed. R. Civ. P. 15(d).

### III.  CONCLUSION

The Court ORDERS Thomas Miller to show cause, within 14 days, why the Court should not dismiss this case for lack of subject matter jurisdiction. Thomas Miller's brief on this topic shall not exceed 2800 words.

The Court further ORDERS the parties to show cause, within 14 days, why the Court should not dismiss or strike counterclaims by or against Fischer. Each party's brief on this topic shall not exceed 2800 words.

Additionally, the Court ORDERS Electron Hydro to show cause why its "Second Amended Answer and Counterclaims to Complaint for Declaratory Judgment," Dkt. No. 24-1, should not be stricken. Electron Hydro's brief on this topic shall not exceed 2100 words.

And finally, the Court ORDERS Thomas Miller and Electron Hydro to file their amended corporate disclosure statements no later than December 13, 2023.

Dated this 6th day of December, 2023.

Lauren King
United States District Judge