1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10
11

| | |
|---|---|
| THOMAS MILLER SPECIALTY OFFSHORE, individually and on behalf of Certain Underwriters Subscribing to Policy UMR B0180ME2017007, | CASE NO. 2:22-CV-00540-LK |
| Plaintiff, | ORDER GRANTING LEAVE TO AMEND |
| v. | |
| ELECTRON HYDRO, LLC, | |
| Defendant. | |

12
13
14
15
16
17
18

This matter comes before the Court on Thomas Miller Specialty Offshore's Response to

Show Cause Order, Dkt. No. 50; Electron Hydro, LLC and Thom A. Fischer's Response to Order

to Show Cause Re: Thom A. Fischer Counterclaims, Dkt. No. 52; Electron Hydro, LLC and Thom

A. Fischer's Response to Order to Show Cause Re: Second Amended Answer and Counterclaims

to Complaint for Declaratory Judgment, Dkt. No. 53; and the parties' Stipulated Motion and

Proposed Order for Thom Fischer to Intervene, Dkt. No. 49. On December 6, 2023, the Court

directed Thomas Miller to show cause why this action should not be dismissed for lack of subject

19
20
21
22
23
24

matter jurisdiction given its failure to adequately plead diversity jurisdiction under 28 U.S.C. § 1332(a)(2). Dkt. No. 46 at 1, 4–5. The Court also ordered the parties to address Mr. Fischer's procedurally improper presence in this case and explain why the two counterclaims involving him should not be stricken or dismissed as improper third-party claims. *Id.* at 1, 5–7. And last, the Court instructed Electron Hydro to show cause why its "Second Amended Answer and Counterclaims to Complaint for Declaratory Judgment" should not be stricken because it failed to seek leave before filing that pleading. *Id.* at 1–2, 7.

"The essential elements of diversity jurisdiction . . . must be affirmatively alleged in the pleadings." *In re Mexico City Aircrash*, 708 F.2d 400, 404 n.4 (9th Cir. 1983). As the Court explained in its Order to Show Cause, Thomas Miller's complaint fails to adequately allege diversity jurisdiction under Section 1332(a)(2). Dkt. No. 46 at 4–5; *see also* Dkt. No. 50 at 9 ("Thomas Miller regrets that certain facts regarding subject matter jurisdiction were not originally pleaded."). Thomas Miller correctly observes that the Court may deem the pleadings amended in light of the parties' responses to the show cause order and their supporting affidavits. Dkt. No. 50 at 4 (citing *Blue Ridge Ins. Co. v. Stanewich*, 142 F.3d 1145, 1148 (9th Cir. 1998)); *see* Dkt. Nos. 51, 54 (supporting affidavits). But that is a discretionary remedy. *See, e.g.*, *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 908 (9th Cir. 2011) (exercising discretion under 28 U.S.C. § 1653 to deem complaint's defective jurisdictional allegations amended and the jurisdictional defect cured by plaintiff's sworn affidavit); *Segundo Suenos, LLC v. Jones*, 494 F. App'x 732, 735 (9th Cir. 2012) (where complaint failed to adequately allege parties' citizenships, district court had discretion to either dismiss the complaint for lack of subject matter jurisdiction or grant plaintiff leave to amend under 28 U.S.C. § 1653).

Leave to amend is the appropriate remedy in this case given the parties' web of procedural errors and oversights—mishaps that they concede. *See* Dkt. No. 50 at 5 (admitting that Mr. Fischer

1  is an improper party); Dkt. No. 52 at 2 ("The Electron Defendants concede that Mr. Fischer did

2  not properly move to intervene in this action, and that he is not a third-party plaintiff or

3  defendant[.]"); *id.* at 3 (admitting that "Electron Hydro did not move to join Mr. Fischer as a party

4  to this action," and that Mr. Fischer's failure to move to intervene "was an oversight by counsel");

5  Dkt. No. 53 at 4 (admitting that Electron Hydro failed to obtain Thomas Miller's express written

6  consent before filing a second amended answer and counterclaim).[1] The Court is indeed free to

7  add a party "at any time." Fed. R. Civ. P. 21; *see* Dkt. No. 52 at 6. And the parties may stipulate

8  to Mr. Fischer's intervention. Fed. R. Civ. P. 24; *see* Dkt. No. 49; Dkt. No. 50 at 5–9; Dkt. No. 52

9  at 3–6. That, however, is only half the problem. Neither party identifies controlling authority for

10  the proposition that improper third-party claims asserted on behalf of and against a non-party can

11  be retroactively converted to proper counterclaims when the non-party later joins the lawsuit and

12  ratifies those claims. But even so, the Court would still reject the parties' patchwork remedy in

13  favor of leave to amend.

14       The Court GRANTS Thomas Miller's alternative request for leave to amend its complaint.

15  Dkt. No. 50 at 4. Thomas Miller shall file an amended complaint within 21 days of the date of this

16  Order. Should it fail to do so, the Court will dismiss its original complaint without prejudice and

17  direct the Clerk to close this matter. A timely amended complaint that adequately alleges subject

18  matter jurisdiction will satisfy the Court's Order to Show Cause, and once such complaint is filed,

19  //

20  //

21  //

22

23  _____

24  [1] Electron Hydro and Mr. Fischer suggest that a district court may "remedy th[e] procedural irregularity" of an improper amended pleading by "granting retroactive leave to amend *nunc pro tunc*." Dkt. No. 53 at 6. The Court declines this invitation.

the parties are free to stipulate to an expedited case schedule.

The Court DENIES as moot the parties' stipulated motion for Mr. Fischer to intervene. Dkt. No. 49.

Dated this 28th day of December, 2023.

Lauren King
United States District Judge